IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DEBORAH BROWN,**

      **Plaintiff,**

   v.

**UNITED STATES OF AMERICA,**

      **Defendant.**

Case No. 2:13-cv-902
JUDGE GREGORY L. FROST
Magistrate Judge Norah McCann King

## OPINION AND ORDER

This matter is before the Court for consideration of a motion to dismiss filed by Defendant, the United States of America. (ECF No. 6.) The Court finds the motion to dismiss well taken.

### I.     Background

On September 13, 2013, Plaintiff, Deborah Brown, filed a *pro se* wrongful death action against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2401(b), 2671−80. (ECF No. 1, at Page ID # 3.) Ms. Brown alleges that her husband, George D. Brown, died on February 26, 2009, from coronary atherosclerosis, a byproduct of hepatitis C treatments he received from the Chalmers P. Wylie Veterans Affairs Clinic ("VA"). *Id.* Specifically, Ms. Brown asserts that Mr. Brown complained to his doctors about heart-related symptoms during forty-eight weeks of hepatitis C treatments but received no treatment. *Id.* According to Ms. Brown, at no time did the VA doctors order any tests, make any diagnosis, or provide any follow-up care. *Id.* On May 23, 2009, Ms. Brown received an autopsy report confirming that coronary atherosclerosis was her husband's cause of death. (ECF No. 6, at Page ID # 58.)

1

Ms. Brown asserts she submitted a tort claim in writing on November 30, 2010, well within the two years permitted by 28 U.S.C. § 2401(b). (ECF No. 1, at Page ID # 3.)  Her SF-95 Claim for Damage, Injury or Death was addressed, however, to the attention of the Director Tort Branch, Civil Division, U.S. Department of Justice, Washington, D.C. 20430, rather than to the VA, the "appropriate agency" for receiving such a claim. (ECF No. 6 ¶ 7, at Page ID # 42 & ECF No. 6, at Page ID # 72.)  According to Elijah Jenkins, a paralegal in the United States Department of Justice's Civil Division, no record of this claim exists in the Civil Division's Records System. (ECF No. 6 ¶ 4, at Page ID # 82.)  Ms. Brown also submitted a separate claim for entitlement to Dependency and Indemnity Compensation ("DIC") under 38 U.S.C. § 1151 using VA Form 21-534 on December 22, 2010. (ECF No. 6 ¶ 3−4, at Page ID # 41−42 & ECF No. 6, at Page ID # 46.)

On June 8, 2012, Ms. Brown submitted a second SF-95 to the VA; however, even if the accrual date for Ms. Brown's claim is pushed back to the date she received the autopsy report, she filed this claim over three years after her husband's death. (ECF No. 6 ¶ 6, at Page ID # & ECF No. 6, at Page ID # 71.)  Based on 28 U.S.C. § 2401(b)'s two-year statute of limitations, the VA denied Ms. Brown's claim on January 10, 2013. (ECF No. 6, at Page ID # 76.)  On January 30, 2013, Ms. Brown requested reconsideration of her administrative tort claim by the VA's Office of General Counsel, but the VA denied her request on March 19, 2013. (ECF No. 6, at Page ID # 78−79.)

Defendant has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, or, in the alternative, under Rule 12(b)(6) for failure to state a claim upon which the Court can grant relief. (ECF No. 6, at Page ID # 10.) Specifically, Defendant claims that this Court should dismiss Ms. Brown's action because she

failed to present a timely administrative tort claim, and the failure to do so causes her wrongful death action to be "forever barred" under the FCTA's statute of limitations. (ECF No. 6, at Page ID # 3.) In anticipation of Ms. Brown's request that the FTCA's limitations period be equitably tolled to save her untimely claim, Defendant also claims that the facts of this case do not warrant such an extraordinary remedy and, furthermore, that the FTCA's limitations period is an absolute and jurisdictional bar not subject to tolling under any circumstances. (ECF No. 6, at Page ID # 6.) Ms. Brown filed no motion in opposition. Briefing has closed on the motion, which is ripe for disposition.

## II. Discussion

When subject matter jurisdiction is challenged under Rule 12(b)(1), a plaintiff has the burden of proving jurisdiction. *See Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996). Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. A facial attack on subject matter jurisdiction challenges whether a plaintiff has properly alleged a basis for proper subject matter jurisdiction, and a district court must regard the allegations of the complaint as true. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). In contrast, a factual attack is a challenge to the factual existence of subject matter jurisdiction. No presumptive truthfulness applies to the factual allegations, and a district court may weigh the evidence in ascertaining whether jurisdiction exists. *Id*. The motion presents a facial attack on jurisdiction.

This Court can exercise jurisdiction based on diversity under 28 U.S.C. § 1332 or based on the existence of a federal question under 28 U.S.C. § 1331. 28 U.S.C. § 1331 provides that district courts have subject matter jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." In her complaint, Ms. Brown alleges subject matter

3

jurisdiction under 28 U.S.C. § 2674, which allows claimants to hold the United States liable under the FCTA for limited state law tort claims like wrongful death. A cause of action for wrongful death based on medical malpractice accrues on the date when both an injury and its cause are known, at which time the Plaintiff is on "inquiry notice" of a possible tort claim. *Amburgey v. United States*, 733 F.3d 633, 636−37 (6th Cir. 2013). Under the presentment requirement of the FCTA, once a plaintiff is on notice, the federal agency whose activities gave rise to the claim must receive written notification of the incident. 28 U.S.C. § 2675(a); *see also McNeil v. United States*, 508 U.S. 106, 112 n.7 (1993) (discussing the presentment requirement as a necessary step in allowing the appropriate agency to consider settlement before a court action is instituted). The claimant must also demand a "sum certain in damages." *Blakely v. United States*, 276 F.3d 853, 864−65 (6th Cir. 2002).

Finally, and most importantly for present purposes, the claim must be submitted to the correct federal agency in writing within two years after such a claim accrues or shall be "forever barred." 28 U.S.C. § 2401(b). Notably, mailing the claim with the two-year statute of limitations is insufficient to satisfy the presentment requirement; the appropriate federal agency must be in physical receipt of the claim. *See, e.g.*, *Amburgey v. United States*, 733 F.3d 633, 635−36 (6th Cir. 2013) (noting that receipt by a federal agency four days after the statute of limitations has run would normally constitute an untimely claim, even though claimant mailed the required form one day prior to the statute of limitations deadline).

Defendant correctly points out that Ms. Brown had sufficient facts when her husband died to put her on inquiry notice of a possible legal claim against the VA. (EFC No. 6, at Page ID # 4.) She knew of the injury her husband suffered and its likely cause when Mr. Brown died on February 26, 2009. (ECF No. 1, at Page ID # 3.) The autopsy report Ms. Brown received on

4

May 23, 2009, further confirmed that coronary atherosclerosis was her husband's cause of death. (ECF No. 6, at Page ID # 58.)  As Ms. Brown's own research revealed, coronary atherosclerosis is a possible side effect of hepatitis C treatments and should be treated accordingly.  (ECF No. 6, at Page ID # 58.)   Mr. Brown received no such treatments from the VA.  (ECF No. 1, at Page ID # 3.)  Thus, Ms. Brown knew she had a possible legal claim for wrongful death against the VA at the time she received the autopsy report on May 23, 2009.

Defendant also notes that Ms. Brown's separate DIC application in which she requested benefits as a result of "improper care" from the VA does not meet the presentment requirements of the FCTA.  (EFC No. 6, at Page ID # 5−6).  This document failed to put the VA on notice to investigate her husband's death in anticipation of possible settlement of an administrative tort claim, and it also failed to include a demand for a "sum certain in damages."  (EFC No. 6, at Page ID # 53.)  Although Ms. Brown filed a second SF-95 with the VA on June 8, 2012, this claim was untimely with regard to the two-year statute of limitations provided for by the FCTA.  (ECF No. 6, at Page ID # 71.)  As a result, the VA properly denied her claim in writing and informed her of its final decision via certified mail.  (ECF No. 6, at Page ID # 76.)

Ms. Brown pleads that she submitted the original SF-95 on November 30, 2010, well within the FCTA's two-year statute of limitations, but the VA received no copy of this form until January 4, 2013.  (ECF No. 6, at Page ID # 42 ¶ 7.)  Furthermore, even if she sent this original form to the incorrect federal agency as alleged, the Civil Division of the Department of Justice has no record of such a claim. (ECF No. 6, at Page ID # 82 ¶ 4.)  Therefore, because the correct federal agency did not receive Ms. Brown's claim within two years of its accrual, her claim is untimely within the FCTA's statute of limitations.  As a result, her claim is "forever barred" and she fails to meet her burden of proving subject matter jurisdiction.

This Court would still have subject matter jurisdiction over Ms. Brown's claim if equitable tolling were appropriate.  Equitable tolling allows federal courts to toll a statute of limitations only when "a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond that litigant's control."  *Graham–Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000) ("Absent compelling equitable considerations, a court should not extend limitations by even a single day."). Courts apply equitable tolling "sparingly, and not when there has only been a garden variety claim of excusable neglect."  *Chomic v. United States*, 377 F.3d 607, 615 (6th Cir. 2004) (citations and internal quotation marks omitted).

The party seeking equitable tolling bears the burden of proving entitlement to it. *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010).  Ms. Brown has made no affirmative request, however, to toll the statute of limitations to save her untimely claim.  She also failed to provide any evidence or to even plead facts indicating that she is implicitly entitled to such a defense.  Therefore, equitable tolling is inappropriate here.  Without the benefit of equitable tolling, her claim remains untimely within the FCTA's statute of limitations.  As a result, this Court lacks subject matter jurisdiction.

In the alternative, Defendant also seeks dismissal of Ms. Brown's complaint based on her failure to state a claim upon which this Court can grant relief pursuant to Rule 12(b)(6).  An operative principle of federal practice, however, is that the merits of a case will not be determined if the court first finds that the action should be dismissed for lack of subject matter jurisdiction.  *See Bell v. Hood*, 327 U.S. 678, 682 (1946).  Because Ms. Brown failed to comply with the filing requirements of the FTCA within the two-year statute of limitations, the action should be dismissed for lack of subject matter jurisdiction.

### III. Conclusion

The Court **GRANTS** Defendant's motion to dismiss. (ECF No. 6.) The Clerk shall enter judgment accordingly and terminate this case on the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED.**

/s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE